UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN HARRIS,

    *Plaintiff*,

v.                                                      Case No. 2:05-cv-198
                                                             HON. R. ALLAN EDGAR

NANCY HULKOFF,

    *Defendant*.
_____/

**MEMORANDUM AND ORDER**

**I.    Introduction**

Plaintiff Kevin Harris ("Harris"), a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"), is incarcerated at the Baraga Maximum Correctional Facility. Harris brings this action against defendant Nancy Hulkoff ("Hulkoff") under 42 U.S.C. § 1983. Hulkoff is a nurse employed by MDOC at the Baraga Maximum Correctional Facility.

Defendant Hulkoff moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. [Doc. No. 10]. Hulkoff argues that the plaintiff's claims are time-barred by the statute of limitations. In the alternative, Hulkoff argues that the complaint is deficient because it fails to plead that Harris has exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a).

Magistrate Judge Timothy P. Greeley has submitted a report and recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.1(c). [Doc. No. 20]. The Magistrate Judge recommends that Hulkoff's Rule 12(b)(6) motion be denied.

Defendant Hulkoff objects to the report and recommendation. [Doc. No. 21]. After reviewing the record *de novo*, the Court concludes that the objection lacks merit and it is **DENIED**.

The Court respectfully agrees with and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b). For the reasons set forth below, Defendant Hulkoff's motion to dismiss the complaint [Doc. No. 10] is **DENIED** under Fed. R. Civ. P. 12(b)(6).

## II. Analysis

42 U.S.C. § 1997e(a) provides that no civil action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Harris bears the burden of pleading and proving that he exhausted his available administrative remedies concerning each of his claims against Hulkoff. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); *Northington v. Michigan Department of Corrections,* 72 Fed. Appx. 423, 424 (6th Cir. Aug. 15, 2003); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Although the exhaustion of administrative remedies required by 42 U.S.C. § 1997e(a) is not jurisdictional, it is mandatory, even if proceeding through the administrative grievance process would be futile. *Walton v. Bouchard,* 136 Fed. Appx. 846, 848 (6th Cir. June 17, 2005); *Jones Bey*, 407 F.3d at 805; *Northington,* 72 Fed. Appx. at 425; *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999); *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

To meet his burden of showing exhaustion of administrative remedies, Harris is required to

attach copies of his prison grievances and administrative decisions to his complaint. This is the preferred method for prisoners to show exhaustion at the initial complaint stage. In the absence of documentation, Harris in the complaint must describe and plead with a reasonable degree of specificity the administrative grievances he filed against Hulkoff, the administrative remedies he pursued, and the ultimate disposition of each administrative proceeding. *Jones v. Bock,* 135 Fed. Appx. 837, 839 (6th Cir. June 15, 2005), *cert. granted*, 126 S.Ct. 1462, 164 L.Ed.2d 246 (March 6, 2006) (No. 05-7058); *Jones Bey*, 407 F.3d at 805; *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir. 2004); *Northington,* 72 Fed. Appx. at 424; *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000); *Brown*, 139 F.3d at 1104; *Riley v. McKee*, 2006 WL 1362183, * 1 (W.D. Mich. May 18, 2006); *Saylor v. Caruso*, 2005 WL 1168448, * 1 (W.D. Mich. May 17, 2005).

When Harris initially filed his complaint, he only submitted copies of his Step II and Step III appeals, and the response to his Step III appeal. Harris did not attach any documents showing a Step I grievance or a Step II response from the reviewing prison official concerning Hulkoff. However, in Harris' Step II grievance appeal, he states that he did not receive a response to his Step I grievance within the fifteen day time limit, as prescribed by Policy Directive 03.02.130. Harris then states that he was placed in an extremely cold cell and denied food and water for 52 hours because of the inaction of Defendant Hulkoff. It is clear from the documentation attached, that Harris pursued his grievance remedies to Step III. Therefore, the Court concludes that the information provided by Harris, when he filed his initial complaint, is sufficient to show that he exhausted his available administrative remedies in the MDOC grievance process as it concerns any claims against Hulkoff.

With regard to the question of whether Harris' claims are barred by the applicable statute of

limitations, the Court concludes that they are not. For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.) (per curiam), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330 (1986); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Because 42 U.S.C. § 1997e(a) unambiguously requires exhaustion of administrative remedies as a mandatory threshold requirement in prison litigation, the statute of limitations which applied to Harris' civil rights action was tolled for the period during which his available state remedies were being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (*citing Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam); *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999)). As noted by the Magistrate Judge in the report and recommendation, the Step III grievance response is dated September 25, 2002. Harris filed his complaint on August 17, 2005, within three years from the time he received his Step III response.

### III.   Conclusion

Accordingly, the Court adopts the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b). For the reasons set forth above, the defendant's motion to dismiss the plaintiff's complaint [Doc. No. 10] is **DENIED**.

SO ORDERED.

Dated: July 14, 2006.

                                              /s/ R. Allan Edgar
                                                  R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE