UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN HARRIS,

    Plaintiff,

v.                                                  Case No. 2:05-cv-198
                                                      HON. R. ALLAN EDGAR

NANCY HULKOFF,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kevin Harris, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Nurse Nancy Hulkoff. Plaintiff has submitted a request for a temporary restraining order and preliminary injunction for an order preventing defendant from violating plaintiff's constitutional rights in the future.

Plaintiff's complaint alleges that on June 14, 2002, he was incarcerated at AMF. Plaintiff alleges that he was harassed by staff and inmates. Plaintiff alleges that he placed a towel over his cell door window while he was using the toilet in his cell. Officer Rynolds, while doing rounds, knocked on the door. Plaintiff stated that he was all right. Plaintiff responded a second time that he was okay and that he was just using the facilities. Plaintiff stated that he was not suicidal and would take the towel down when he was done. Officer Rynolds asked plaintiff several more times if he was contemplating suicide. Plaintiff responded that he was not. A sergeant then came to the cell door and asked plaintiff to come to the door and take the towel down. Plaintiff responded that

he would in a minute, because he was using the facilities. Plaintiff told the sergeant to "get the f___ on."

The sergeant left, but then returned with defendant Hulkoff. Defendant Hulkoff wanted to talk to plaintiff. Plaintiff eventually came to the door and pulled back the towel. Plaintiff stated that he was all right and that he was just using the facilities, but was not yet done. Approximately 12 minutes later, when the window was uncovered, plaintiff saw officer Rynolds with a camera video taping plaintiff. Plaintiff asked "what's this shit." Officer Rynolds stated "well, I told 'ya to take the towel down." Plaintiff told officer Rynolds to put the camera away, get the nurse and instructed officer Rynolds to get the store orders. Plaintiff told officer Rynolds to stop playing games. Plaintiff states that Rynolds had heard about plaintiff's lawsuits from word of mouth so Rynolds was motivated to place plaintiff on suicide watch to harass plaintiff, because it was store day. Plaintiff then decided to shave with "magic shave." Plaintiff knew that he would be escorted to an observation cell. Plaintiff was upset, because he knew that he would not be receiving any store goods.

Plaintiff then heard another inmate state, "what is the goon squad doing here?" Plaintiff saw Officer Karen Graan run to his cell door, wearing full gear, and then place a key in the door. Another officer slammed a shield against the door. Plaintiff was scared, because most of the squad members were out to get him. Plaintiff responded that he was coming out, and for the squad to hold on. Plaintiff believed that he was about to be assaulted. Plaintiff states that he was yelled at and ordered to comply with a strip search and yelled at during the strip search. Plaintiff was placed in restraints. Plaintiff complained that the restraints were too tight. After being placed in a cell, plaintiff complained that he was cold and asked for a blanket which he did not receive. Plaintiff was wearing a gown when an officer came by, stared at plaintiff and stated: "I know who you are

f___boy." Plaintiff asked for a blanket. The officer stated "I know you, your paralegal Harris, I heard of ya." Plaintiff claims that Officer Lampela refused to turn the water on in his cell, so he could flush the toilet or get a drink of water. Plaintiff claims that officer Lampela refused to provide plaintiff dinner. Later that shift, the water was turned on so plaintiff could flush the toilet and get a drink of water and then it was shut off. Plaintiff alleges that he was taunted and harassed by other inmates who called him "happy" which is a name corrections officer gave him. When third shift officer Davis did his rounds, he told plaintiff that he was shocked that the nurse failed to give plaintiff a blanket. Plaintiff complains that sleep was impossible because he was so cold. Plaintiff alleges that he finally received a blanket 52 hours after he first requested it. After receiving the blanket, plaintiff was able to sleep.

Plaintiff alleges that defendant failed in her duty to look after plaintiff's well being and to prevent plaintiff from being subjected to extremely cold temperatures. Plaintiff alleges that defendant decided to have plaintiff brought to a suicide cell, after being strip searched.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff has not established a substantial likelihood of success on the merits of his claim. Most importantly, plaintiff's requested injunctive relief could serve no purpose. Plaintiff has requested the court to order defendant not to violate plaintiff's constitutional rights in the future. Defendant is already obligated under the law not to violate plaintiff's constitutional rights. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is

necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining order and prelimiary injunction (Docket #24) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   October 5, 2006